# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **JASON BURKETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CAUSE NO. 3:06-CV-058 AS |
| v. | ) |
| | ) |
| **LYNNE WICKER, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

## *OPINION AND ORDER*

Jason Burkett, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Burkett alleges that he was denied medical treatment while a pre-trial detainee. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

Mr. Burkett alleges that on January 19, 2004, Nurse Lynne Wicker made a false entry into his medical record and denied him the final three doses of his prescribed medication. He alleges that from January 19-24, Nurse Lynne Wicker prevented him from seeing a doctor. He alleges that once he saw a doctor on January 24, 2004, Nurse Lynne Wicker delayed filing his prescription for four days. He alleges that from January 24 to February 9, Nurse Lynne Wicker prevented him from seeing a doctor. He alleges that once he saw a doctor on February 21, 2004, Nurse Lynne Wicker delayed filing his prescription for five days. He alleges that on March 1, 2004, Nurse Lynne Wicker denied him his final dose of medication. He alleges that from March 24-29, Nurse Lynne Wicker again prevented him from seeing a doctor. He alleges that throughout these times, she knew that his hand was injured and that it would get worse without treatment. He alleges that because of her deliberate indifference to his serious medical need, he developed an infection, his hand did not heal properly, he has permanent disfigurement, and he was in prolonged, unnecessary pain.

Mr. Burkett names Nurse Lynne Wicker in both her professional and personal capacity. "[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

> To establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom.

*Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). Here, Mr. Burkett does not allege, and based on this complaint it would not be reasonable to infer, that Nurse Lynne Wicker was acting pursuant to a policy or custom. Therefore the official capacity claim will be dismissed. Nevertheless, his allegations do state a claim against her in her individual capacity.

Mr. Burkett also names Health Professionals Ltd., the Cass County Sheriff, the President of the Cass County Council, and Governor Mitch Daniels as defendants. He alleges that each bear either supervisory responsibility for the nurse or general responsibility for the care of jail inmates. "The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Therefore these defendants will be dismissed.

Finally, Mr. Burkett mentions that he did not get a response to at least some of his grievances.

> [T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.

*Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Because no response was required, this allegation does not state a claim.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Nurse Lynne Wicker in her individual capacity for monetary damages for denying him medical treatment from January 19, 2004 to March 29, 2004;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Health Professionals Ltd., Cass County Jail, County Council, and Mitch Daniels;

(4) **DIRECTS** the clerk to transmit the summons and USM-285's for Nurse Lynne Wicker to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Nurse Lynne Wicker; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Lynne Wicker respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**IT IS SO ORDERED.**

**ENTERED: June 14 , 2006**

                                            **S/ ALLEN SHARP**
                                            **ALLEN SHARP, JUDGE**
                                            **UNITED STATES DISTRICT COURT**