UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON BURKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.  3:06-CV-058 AS |
| v. | ) |
| | ) |
| RHODA WICKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Jason Burkett, a *pro se* prisoner, submitted a motion for summary judgment. The defendant filed her response and Mr. Burkett filed his reply. The motion is now ripe for ruling.

Mr. Burkett alleges that there are no material facts in dispute and that he should prevail on his claim that Rhoda Wicker was deliberately indifferent to his serious medical needs when she denied him medical treatment. Mr. Burkett submitted his Statement of Material Facts" as a part of his brief as permitted by N.D. IND. L.R. 56.1(a).

**Statement of Material Facts Not In Dispute**
The Defendant, Rhoda "Lynn" Wicker (hereinafter referred to as "Wicker"), is a nurse, employed by Health Care Professionals Ltd. Wicker routinely screened offenders, deciding which offenders would see the doctor and which would not. Wicker did not allow the Plaintiff to see the doctor and repeatedly delayed/denied him medication.
On the morning of January 12, 2004, the Plaintiff, Jason C. Burkettm, [*sic*] was injured on his left hand during an altercation with another jail inmate while plaintiff was a pretrial detainee, housed at the Cass County jail, cell block B-10 in Logansport, Indiana. That same day, following the altercation, the Plaintiff complained of pain and swelling to his left hand to Nurse Lynne Wicker. Plaintiff was then examined by Wicker who annotated Plaintiff's injury as "Edema noted laceration to [left] hand 4th digit . . . unable to grip [with] left hand . . . capillary refill sluggish [at] 5 seconds . . ..
That same evening, Plaintiff complained of severe pain and selling [*sic*] to his left hand. Officer Susant Curts submitted a medical notification form and spoke with Dr. Adrien Feinerman, MD. Dr. Fienerman [*sic*] ordered a 7 day prescription of

> Dicloxacillin was not provided. Wicker knew of Plaintiff's proscription ordered by January 13, 2004. It was also clear that the Plaintiff urgently needed the medication and that his condition would only worsen if it were not provided.
> On January 19, 2004, Wicker made a false medical diagnoses of the Plaintiff's injury, saying the Plaintiff's laceration was healed and that there was no sign or symptom of infection. She then told the Plaintiff to stop being a "whiny little bitch" and that "there's others in the jail besides you, ya know!" Although Wicker knew his condition would worsen if not provided the medication., [*sic*] she intentionally denied his final 3 doses. As a result of Wicker's deliberate indifference, the Plaintiff suffered prolonged and extreme pain and unnecessary complications in the treatment of his injury [See Exhibits F & G]
> From January 19 to January 24, 2004, the Plaintiff submitted 2 sick call request forms and several verbal requests were made at the door of cell block biomedication pass to have his hand looked at by the doctor because it continued to be red and swollen and extremely painful and a redline was still present to Wicker. Although Wicker knew that his condition would only worsen if the Plaintiff was not provided medication, she denied him medication and ignored his requests to see the doctor. Her mindset is revealed by the statement that she made to the Plaintiff, "I bet you think twice before getting into another fight." [See Exhibit H & I]
> On February 9, 2004, the Plaintiff submitted a final sick call request form. Wicker was responsible for scheduling sick call appointments at the Cass County Jail. However, Wicker intentionally refused to provide the Palintiff [*sic*] with either a sick call or doctor's visit for approximately 10 days. [See Exhibits J, K, &L]. This trend continued [See exhibits M1-R].
> As a result of Wicker's deliberate indifference to the Plaintiff's serious medical need, the Plaintiff suffered unnecessary complications in the treatment of his injury and permanent disfigurement [See Exhibit X1].

Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment at 1-3, docket # 35-2

(all square brackets in original except for [*sic*]).

> In determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file.

N.D. IND. L.R. 56.1(b). Here, the defendant has not submitted a Statement of Genuine Issues nor any evidence to controvert Mr. Burkett's Statement of Material Facts. Therefore the court must assume that those facts exist without controversy.

Mr. Burkett was a pre-trail detainee and though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Based on the undisputed facts presented here, there are no genuine issues of fact in dispute and Mr. Burkett has demonstrated that Rhoda Wicker is liable to him because he suffered actual injury when she denied him medical treatment with deliberate indifference in violation of the Fourteenth Amendment.

In her response to the motion for summary judgment, the defendant argues that "Federal Rule of Civil Procedure 56 governing summary judgments contemplates that parties will be afforded adequate time to conduct necessary discovery." Rhoda Wicker's Response to the Plaintiff's Motion

for Summary Judgment at ¶ 5, docket # 36. She also argues that this "court has broad discretion to manage the discovery process . . . ." Rhoda Wicker's Response to the Plaintiff's Motion for Summary Judgment at ¶ 5, docket # 36. Though these statements are undoubtedly true, both are supported only by citations to unpublished Seventh Circuit opinions issued before January 1, 2007 in violation of 7th Circuit Rule 32.1(d).[1] Nevertheless, the defendant did not file a motion for an extension of time to respond to the motion for summary judgment pursuant to N.D. IND. L.R. 6.1(b)[2] nor a motion asserting the unavailability of evidence pursuant to FED. R. CIV. P. 56(f).[3] Rather, she filed only a response. Therefore, though she was entitled to adequate time to conduct necessary discovery, she did not ask for it. Furthermore, the response does not contain an affidavit as required by Rule 56(f), but even if it had, she has not identified any discovery necessary for a response to this motion for summary judgment. She states that she wants to review Mr. Burkett's medical records and take his deposition. While such discovery is certainly relevant to the plaintiff's claims, they are not necessary to respond to this summary judgment motion. The defendant's own affidavit or declaration that she did not act with deliberate indifference to the plaintiff's medical treatment would have been sufficient to defeat this motion. Such knowledge is available to her without recourse to either the plaintiff's medical records or his deposition testimony. Therefore she was not denied the opportunity to conduct necessary discovery with which to respond to this motion, rather she did not properly seek

---

[1] No order of this court issued before January 1, 2007, may be cited except to support a claim of preclusion (res judicata or collateral estoppel) or to establish the law of the case from an earlier appeal in the same proceeding.

2 Any other request for an extension of time, unless made in open court or at a conference, shall be made by written motion. In the event the opposing counsel objects to the request for extension, the party seeking the same shall recite in the motion the effort to obtain agreement; or recite that there is no objection.

[3] Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

4

nor obtain additional time. Neither did she respond with her own testimony. "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

The defendant argues that the motion for summary judgment is premature because the "Court ordered the completion of fact discovery to occur by April 2, 2007." The defendant is incorrect on both counts. First,

> A party . . . may at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor . . ..

FED. R. CIV. P. 56(a). Clearly this case commenced more than 20 days prior to the filing of the motion for summary judgment. Second, this court did not order that discovery conclude by April 2, 2007. Rather this court ordered that, "all discovery shall <u>initiated</u> on or before April 2, 2007; and any dispositive motions shall be filed on or before June 4, 2007." Order of November 2, 2006, docket # 32 at 1 (emphasis added). Therefore the motion for summary judgment was not premature.

Attached to the defendant's response are two exhibits which contain personally identifying data about the plaintiff in violation of N.D. IND. L.R. 5.2(a). The defendant has twice placed into this public record the plaintiff's date of birth and social security number. For the protection of the plaintiff's privacy, the clerk will be ordered to redact this filing even though it is not the obligation of the clerk to review each paper filed to ensure compliance with the rule. N.D. IND. L.R. 5.2(d).

Though summary judgment has been granted on the question of liability, the amount of damages remains to be determined. The defendant made a jury demand, therefore the question of damages will be will be decided by a jury after being instructed that the question of liability has

already been resolved. The scheduling order permits discovery to be initiated until April 2, 2007. Because discovery may still be necessary as to damages, that deadline will remain. The dispositive motion deadline is now moot and will be vacated.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff's motion for summary judgment;

(2) **FINDS** the defendant Rhoda Wicker liable to the plaintiff Jason Burkett, in an amount to be determined later, for denying him medical treatment with deliberate indifference in violation of the Fourteenth Amendment;

(3) **DIRECTS** the clerk to **REDACT** docket # 36, pages 5 and 6 remove the plaintiff's date of birth and social security number; and

(4) **VACATES** the dispositive motion deadline.

**IT IS SO ORDERED.**

**ENTERED: March 2, 2007**

                                             **S/ ALLEN SHARP**
                                             **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**