UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON BURKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CAUSE NO.  3:06-CV-058 AS |
| v. | ) |
| | ) |
| RHODA WICKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Rhonda Wicker, by counsel, filed a motion pursuant to FED. R. CIV. P. 59(e) to reconsider the grant of summary judgment against her. Counsel admits that the response to the plaintiff's motion for summary judgment did not comply with the rules of court, but nevertheless argues that substantial compliance should excuse the error.

> Wicker does not dispute that an error/omission was made in connection with her response to the plaintiff's motion for summary judgment. This was an error/omission by her attorney. The statements set forth in Wicker's actual filed response should have been included within an affidavit filed by Mr. Vogt. But other than the attestation clause, Wicker submits that her response pointed out to this Court the precise discovery needed by Wicker to properly respond to the plaintiff's motions.

Motion at 5, docket # 41.

Curiously, this argument asks for more leniency than is shown to *pro se* plaintiffs responding to defendants' motions for summary judgment. A *pro se* plaintiff who does not respond to a defendant's motion for summary judgment with admissible evidence is not excused merely because he presents otherwise relevant statements in his response brief rather than in an affidavit or declaration. Indeed, so significant is this hazard, that defense counsel are specifically required to advise *pro se* plaintiff's whenever they file a summary judgment motion.

> If a party is proceeding *pro se* and an opposing party files a motion for summary judgment, counsel for the moving party must serve a notice upon the unrepresented party as set forth in Appendix C.

N.D. IND. L.R. 56.1(e). Appendix C states in part,

> You are hereby notified that we have filed a motion for summary judgment in your case.
>
> Because you are not represented by counsel, you are hereby advised of your obligation to respond to the summary judgment motion, in accordance with *Kincaid v. Vail*, 969 F.2d 594, 599 (7th Cir. 1992); *Timms v. Frank*, 953 F.2d 281, 285-86 (7th Cir.), cert. denied, 112 S.Ct. 2307 (1992); and *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).
>
> By the motion for summary judgment, we are asking to have this suit decided in our favor without a full scale trial, based on the evidence presented in the affidavits and documents attached to the motion. Any factual assertion in the affidavits will be accepted by the court as being true unless you submit your own affidavits or other documentary evidence contradicting the assertion. Your failure to respond in that way would be the equivalent of failing to present any evidence in your favor at a trial.

The defendant again argues that she needed an opportunity to conduct necessary discovery. As explained in this court's prior order, the defendant was not denied a fair opportunity to conduct discovery, counsel merely failed to take the opportunities that existed. Counsel did not seek an extension of time to respond to the motion for summary judgment pursuant to N.D. IND. L.R. 6.1(b) nor file a motion asserting the unavailability of evidence pursuant to FED. R. CIV. P. 56(f). Rather counsel filed a response to the motion for summary judgment which did not controvert Mr. Burkett's Statement of Material Facts. As a result, those undisputed facts were accepted as true pursuant to N.D. IND. L.R. 56.1(b) and summary judgment was properly granted.

Though counsel continues to argue that additional discovery was vital for responding to the summary judgment motion, it was not. As explained in the court's prior order, the defendant's own affidavit or declaration negating the deliberate indifference element would have been sufficient to defeat the summary judgment motion. Though the plaintiff's medical records and deposition were

certainly relevant evidence, and though such pending discovery could have supported a request for additional time, that discovery was not necessary to the response and even a properly filed Rule 56(f) motion might not have been granted.

Counsel argues that because discovery could be initiated until April 2, 2007, it was reasonable to believe that she would have until then to conduct discovery. While this is certainly true as far as it goes, it totally ignores the deadline for responding to the summary judgment motion. Returning to Appendix C of the Local Rules, *pro se* plaintiffs are advised that,

> If you oppose this motion for summary judgment, Northern District of Indiana Local Rule 56.1, states that you must file any response to the motion along with any supporting materials within thirty (30) days from the date the motion is served.

Clearly there is no doubt when a summary judgment response is due. Neither Local Rule 56.1 nor Appendix C provide for additional time based on the discovery deadline set out in the scheduling order.

Finally, counsel has moved to strike two exhibits attached to the motion to reconsider in accordance with N.D. IND. L.R. 5.2(a). Redacted versions of those exhibits have been submitted in their place. The motion to strike will be granted. For the foregoing reasons, the court:

(1) **DENIES** the motion to reconsider (docket # 41);

(2) **GRANTS** the motion to strike (docket # 42); and

(3) **STRIKES** exhibits E and F attached to the motion to reconsider (docket # 41).

**IT IS SO ORDERED.**

**ENTERED: March 20, 2007**

                                           **S/ ALLEN SHARP**
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**