UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON BURKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:06-CV-058 AS |
| v. | ) |
| | ) |
| RHODA WICKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Defense counsel, Robert P. Vogt of Weldon-Linne & Vogt, filed a motion asking that the court set a deadline for the completion of discovery or alternatively seeking to enlarge the deadline for initiating discovery to take the plaintiff's deposition. This motion comes on the heels of several unsuccessful attempts to obtain an improper *ex parte* ruling from this court via telephone. Though there are valid reasons for counsel to call chambers and though there are legitimate questions that can be asked of chambers, case specific conversations and attempts to discuss issues like those presented in this motion are not permissible. Given the history of this case, defense counsel is admonished not to again call any of the chambers of this court in conjunction with this case. Defense Counsel is cautioned that doing so may result in fines or sanctions for contempt.

The goal of this motion is to permit defense counsel to re-take the plaintiff's deposition. Defense counsel makes no reference to that part of this court's prior order which denied leave to re-take the plaintiff's deposition.

> Finally, Robert P. Vogt asks that he be permitted to re-take the deposition of Mr. Burkett. As previously noted, the discovery deadline has now passed. As stated in the scheduling order in this case, "pursuant to Federal Rule of Civil Procedure 16(b), [the scheduling order] shall not be modified except upon a showing of good cause" [Doc. No. 32] For the reasons explained throughout this opinion, Robert P. Vogt has not presented good cause for re-opening discovery.

[Doc. No. 59 at 4-5]

Clearly the court denied leave to re-take the plaintiff's deposition. Clearly discovery in this case is closed since the court stated that it would not be re-opened.

Nevertheless, the motion attempts to obfuscate these otherwise clear points. Defense counsel argues that there is confusion created by the court's use of the word "initiate" in its scheduling order. This court's scheduling order set a deadline by which all discovery must be initiated. Therefore any desired discovery must be initiated by that date. For example, interrogatories must be sent by that date, requests for production of documents must be sent by that date, and the notice scheduling a deposition must be sent by that date. All of those acts initiate discovery. No discovery can be initiated after the deadline.

Defense counsel quoted the footnote from *Alwood v. Steuben County Sheriff Dep't*, No. 3:05-cv-033, 2005 U.S. Dist. LEXIS 16963 at 1 n.1 (N.D. Ind. August 11, 2005) which is helpful and explanatory, but failed to quote from the main text of that same order. The footnote says:

> In most cases, it is the usual practice of this court to establish a deadline for completing, rather than for initiating, discovery. Attorneys are aware that they must initiate discovery sufficiently prior to the deadline so that opposing counsel is allotted the time required by the Federal Rules of Civil Procedure for the response. In *pro se* prisoner cases, the court simplifies this process by establishing a date for initiating discovery thereby avoiding the need for inmates (or defense counsel in these cases) to back calculate the last date on which they can send a discovery request.

*Id.* The relevant text from the body of the order says:

> Mr. Alwood notes that this court's scheduling order only set a deadline for initiating discovery. The deadline for completing discovery is established by the Federal Rules of Civil Procedure.

*Id.* (omitted footnote quoted above). For example, FED. R. CIV. P. 33(b) provides for 30 days to respond to interrogatories, FED. R. CIV. P. 34(b) provides for 30 days to respond to requests for

2

production of documents, and FED. R. CIV. P. 30(b)(1) provides that notice of a deposition "shall state the time and place" of the deposition. To the extent that any confusion existed, *Alwood* clarified how to interpret the word "initiate." All discovery must be initiated before the deadline, though once initiated, the time for responses is dictated by the Federal Rules of Civil Procedure.

Nevertheless, in a strained effort to mis-interpret the scheduling order, defense counsel implies that "initiate" could or should be construed broadly to merely require that a party begin some discovery by the deadline.

> Ms. Wicker initiated discovery by April 2, 2007 and requests that since this Court never set a date for the completion of discovery, that this Court clarify its scheduling order and allow Ms. Wicker at least thirty (30) days within which to complete discovery by, *inter alia*, taking the plaintiff's deposition.

Motion at 3. [Doc. No. 62] First, no party is required to initiate any discovery and it would be a tortured interpretation to imply that the scheduling order created such a requirement. Second, the scheduling order required that "all" discovery be initiated by the deadline, not merely "some" discovery. Third, interpreting the word "initiate" to set a deadline in the future by which "some" discovery must be initiated would be a meaningless deadline. Finally, such an interpretation is wholly inconsistent with *Alwood*, as cited by defense counsel.

April 2, 2007 was unambiguously the deadline for initiating all discovery in this case. Setting a separate deadline for the completion of discovery is unnecessary. April 2, 2007 has passed. All discovery had to have been initiated before the deadline expired. It is now too late to initiate any discovery. Therefore it is too late for defense counsel to schedule the plaintiff's deposition.

Alternatively, defense counsel asks to re-open discovery and permit the taking of the plaintiff's deposition. Defense counsel has already taken the plaintiff's deposition, but this court ruled that, pursuant to FED. R. CIV. P. 32(a)(3), that deposition cannot be used against the plaintiff.

In that ruling the court found that Robert P. Vogt violated RULE 30's prohibition against deposing inmates without leave of court and violated LOCAL RULE 30.1's prohibition on non-consensual depositions with less than fourteen days notice. That ruling also found that he was unreasonable in scheduling the deposition of a *pro se* prisoner with three days notice. Finally, that ruling ordered that he could not re-take the plaintiff's deposition.

For the foregoing reasons, the motion [Doc. No. 62] is **DENIED** and Weldon-Linne & Vogt is **CAUTIONED** that it may be fined or sanctioned for contempt if it again calls any of the chambers of this court in conjunction with this case. This caution does not prohibit calling the clerk's office or the CM/ECF Helpline.

**SO ORDERED.**

**Dated this 10TH Day of May, 2007.**

**S/Christopher A. Nuechterlein**
**Christopher A. Nuechterlein**
**United States Magistrate Judge**